UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:01-00174 |
| | ) | JUDGE CAMPBELL |
| | ) | |
| BRADFORD JORDAN MISER | ) | |

ORDER

Pending before the Court is the Defendant's Motion For Early Termination Of Supervised Release (Docket No. 112). Through the Motion, the Defendant requests that the Court terminate the remaining term of his supervised release. The Government has filed a Response (Docket No. 115) opposing the Defendant's request.

Subsection 18 U.S.C. § 3583(e)(1) permits the termination of supervised release after one year if a Defendant's conduct warrants such a termination:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) --
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Section 3553(a) requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release.[1] See United States v.

---

[1] The Section 3553 factors referred to in Subsection 3583(e)(1) include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; protection of the public from further crimes of the defendant; the most effective manner for providing the defendant with

Lussier, 104 F.3d 32, 35 (2nd Cir. 1997).

The Defendant pled guilty to possessing a firearm in furtherance of a drug trafficking crime pursuant to a plea agreement in which the Government agreed to dismiss the two other drug trafficking charges against the Defendant. (Docket Nos. 68, 70). At the subsequent sentencing hearing, now-retired District Judge Robert L. Echols sentenced the Defendant to sixty months of imprisonment and five years of supervised release. (Docket Nos. 82, 83). Supervision began in March, 2009. (Docket No. 105).

Through his Motion, the Defendant indicates that he has been in full compliance with the terms of his supervised release, and that all his drug screens have been negative. The Defendant states that the Probation Office placed him in the "compliant caseload" in February, 2013. The Defendant indicates that he owns a car customization and repair business, and that early termination would allow him to expand his business. The Defendant also describes certain charitable efforts in which he has been involved.

During his term of supervised release, the record indicates that, in December, 2009, the Defendant was placed on home confinement for six months after he traveled out-of-state without permission. (Docket No. 105). The record also indicates that the Defendant was involved in a scuffle at a club and was charged with assault in state court, but the charge was subsequently retired; and was cited for driving on a revoked license. (Docket Nos. 108, 109,111). The Probation Office recommended that no action be taken for the assault charge and the traffic

---

needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and the sentencing range established under the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

2

violation, and the Court agreed. (Id.)

In its Response, the Government points out that the Defendant was involved in a substantial, armed drug-related offense in a specially protected zone; that he has violated state court release conditions on numerous occasions; and that the Defendant would benefit by continued supervision given his history of substance abuse.

Having considered the factors set forth in Section 3553, the Court concludes that the interest of justice does not warrant early termination of supervised release at this time. Although the Defendant's compliance since September, 2011 is laudable, given the nature and circumstances of the offense, the need to protect the public from further crime, and in the interest of rehabilitation, the Court concludes that the Defendant should remain on supervised release. Accordingly, the Defendant's request for early termination of supervised release is DENIED.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE